ARTURO M. CISNEROS, #120494
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, Thomas H. Casey*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GIANG THANH DONG and MARY TRAN NGUYEN,<br><br>Debtors. | Case No. 8:23-bk-10014-SC<br><br>Chapter 7<br><br>Adversary No. |
| THOMAS H. CASEY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen,<br><br>Plaintiff,<br><br>v.<br><br>LAW OFFICES OF ANTHONY C. DUFFY, a California corporation,<br><br>Defendant. | **COMPLAINT:**<br><br>**(1) TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547; AND**<br>**(2) TO RECOVER AND PRESERVE PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 550 and 551** |

Plaintiff Thomas H. Casey, solely in his capacity as chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Mary Nguyen and Giang Dong ("Debtors"), hereby alleges as follows:

Complaint                                           1

## STATEMENT OF JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323 and 547, 550, and 551.

2.     This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 547, 550, and 551.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under title 11 of the United States Code that is pending in this District: *In re Mary Nguyen and Giang Dong,* United States Bankruptcy Court for the Central District of California, Santa Ana Division case number 8:23-bk-10014-SC ("Bankruptcy Case").

4.     This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

5.     Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## PARTIES TO THE ACTION

6.     On January 5, 2023 ("Petition Date"), Debtors commenced the Bankruptcy Case by filing a voluntary petition for relief under the Bankruptcy Code.

7.     On January 5, 2023, Trustee was duly appointed as the Chapter 7 trustee of the Estate in the Bankruptcy Case, a capacity in which he continues to serve.

8.     Trustee is informed, believes, and thereon alleges that The Law Offices of Anthony C. Duffy is a corporation organized under the laws of the State of California.

## STATEMENT OF STANDING

9.     Trustee, as trustee of Debtor's Bankruptcy Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323, 547, 550, and 551.

## GENERAL ALLEGATIONS

10.     Trustee is informed, believes, and thereon alleges, that Defendant is a law firm based in Huntington Beach, California.

11.     Trustee is informed, believes, and thereon alleges, that, prior to the Petition Date, Debtor Giang Dong retained Defendant to provide legal services to him.

12.     Trustee is informed, believes, and thereon alleges, that Debtors made transfers to

Complaint                                    2

Defendant totaling approximately $56,000 within the ninety (90) day period prior to the Petition Date ("Preferential Transfers").

13. On or about June 12, 2023, Trustee, through counsel, circulated a letter to Defendant regarding the Preferential Transfers, wherein Trustee *inter alia* inquired whether Defendant believed that it had potential defenses to a potential preference action and demanded that Defendant return the Preferential Transfers to the Estate ("Demand").

14. Although Defendant, through counsel, responded to the Demand and asserted a defense, it failed to produce any documentation supporting its defense upon Trustee's request, through counsel.

15. Based on Defendant's failure to produce documentation supporting its alleged defense, Trustee has been left with no other option than to file the instant Complaint against Defendant.

## FIRST CLAIM FOR RELIEF

### (To Avoid Preferential Transfer Pursuant to 11 U.S.C. § 547(b))

16. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

17. The Preferential Transfers constitute "transfer[s] of an interest of the debtor in property" under 11 U.S.C. § 547(b).

18. The Preferential Transfers were "to or for the benefit of a creditor," Defendant.

19. The Preferential Transfers were "for or on account of an antecedent debt owed by the Debtor before such transfer was made."

20. The Preferential Transfers were "made while the debtor was insolvent."

21. The Preferential Transfers were made within 90 days of the Petition Date.

22. Trustee is informed and believes and, based thereon alleges, that by reason of the Preferential Transfers, Defendant obtained more than it would have received in the Chapter 7 case if the Preferential Transfers had not been made.

23. Trustee is entitled to a judgment that the Preferential Transfers are avoided as preferential transfers pursuant to 11 U.S.C. § 547(b).

///

///

Complaint 3

## SECOND CLAIM FOR RELIEF

**(To Recover and Preserve the Avoided Transfers Pursuant to 11 U.S.C. §§ 550 and 551)**

24. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

25. Pursuant to 11 U.S.C. § 550(a)(1), Trustee may recover Debtor's interest in the Preferential Transfers, or the monetary value of such interests, from Defendant.

26. Because the Preferential Transfers may be avoided pursuant to 11 U.S.C. § 547(b), the avoided interests should be recovered and preserved for the benefit of the Estate pursuant to 11 U.S.C. §§ 550(a)(1) and 551.

27. Trustee is entitled to a money judgment, in the amount of at least $56,000 against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For judgment against Defendant in the amount of $56,000, plus pre- and post-judgment interest;

2. For recovery of interest, costs, and attorney fees and costs to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and

3. For such other and further relief as the Court deems just and proper.

Dated: December 31, 2024                    MALCOLM ♦ CISNEROS, A Law Corporation

                                            */s/ Nathan F. Smith*
                                            NATHAN F. SMITH
                                            *Attorneys for Chapter 7 Trustee, Karen Sue Naylor*

Complaint                                   4

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THOMAS H. CASEY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen | DEFENDANTS<br>LAW OFFICES OF ANTHONY C. DUFFY, a California corporation |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>2112 Business Center Drive, Irvine, CA 92612<br>Telephone: (949) 252-9400 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT:
(1) TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.  § 547; AND
(2) TO RECOVER AND PRESERVE PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 550 and 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
[2] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $56,000.00 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br> GIANG THANH DONG and MARY TRAN NGUYEN | BANKRUPTCY CASE NO.  8:23-bk-10014-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>   CENTRAL | DIVISION OFFICE<br>   SANTA ANA | NAME OF JUDGE<br> Hon. Scott H. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Nathan F. Smith | | |
| DATE<br>   December 31, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>   Nathan F. Smith | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.